UNITED STATES of America, Appellee,

v.

Floyd Vance CONNER, Jr., Appellant.

No. 89–1541.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1989.

Filed Sept. 28, 1989.

* * * would have no reason to know the words 'in or affecting commerce' would subject him to federal felony prosecution if that firearm had once traveled in interstate commerce." This argument is meritless. The challenged phrase clearly signals Congress's intent "that the firearm [has] been, at some time, in interstate commerce." *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1976).

■ Conner next contends the district court violated the Constitution's double jeopardy clause when it used his three state armed robbery convictions to enhance his federal sentence. Although Conner concedes the armed robbery convictions are violent felonies under 18 U.S.C. § 924(e)(2)(B), he argues that because he received mandatory prison sentences under state law, the use of his state convictions to enhance his federal sentence constitutes multiple punishments for the same crimes. We disagree.

The double jeopardy clause only protects against multiple punishments for the same offense. *United States v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). Conner's state robbery convictions and the federal conviction for possession of a firearm by a felon resulted from charges brought by separate sovereigns for conduct arising out of unrelated incidents. The double jeopardy clause has no relevance to Conner's enhanced federal sentence.

We affirm the district court.

Mark Godwin, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Floyd Vance Conner, Jr., appeals his conviction for possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g) (Supp. V 1987). The district court enhanced Conner's sentence based on his three state armed robbery convictions. *See id.* § 924(e)(1). We affirm.

■ Conner contends section 922(g) is unconstitutionally vague. Conner argues "[a] convicted felon possessing a firearm