**UNITED STATES of America, Appellee,**

v.

**Brian John TIBESAR, Appellant.**

**No. 88–5215.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 25, 1989.
Decided Jan. 29, 1990.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

Jon M. Hopeman, Minneapolis, Minn., for appellee.

Before ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Brian John Tibesar was found guilty by a jury of escaping from federal custody in violation of 18 U.S.C. § 751(a) and was sentenced to a prison term of thirty months, followed by a two-year term of supervised release. Tibesar appeals on four grounds: (1) the District Court[1] erred in refusing to exclude a certain document as a sanction for the government's failure to disclose the document prior to trial; (2) the court erred in refusing to strike an Internal Revenue Service agent from the jury; (3) the sentence imposed under the Sentencing Guidelines was unlawful because the Sentencing Commission violated the governing statute in establishing the base offense level for escape; and (4) the court erred by failing to depart downward from the applicable guideline range. We affirm.

We turn first to Tibesar's argument that the District Court abused its discretion by refusing to exclude certain evidence. At trial, the government called Tibesar's caseworker at the halfway house from which he escaped. The caseworker testified as to the rules of the house (including curfews) and Tibesar's disciplinary record. On re-direct, it was revealed that the caseworker possessed a copy of the rules signed by Tibesar, and the government offered the document as evidence.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

Tibesar objected to the admission of the document on the ground that the government's failure to disclose it to Tibesar's counsel prior to trial was a violation of the trial court's discovery order. Tibesar requested that the document be excluded as a sanction under Rule 16 of the Federal Rules of Criminal Procedure. Finding that the delay in disclosure did not prejudice Tibesar, the District Court denied this request.

■■ Rule 16(d)(2) of the Federal Rules of Criminal Procedure provides in part:

If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with [the discovery rules], the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

The District Court's decision not to exclude the document pursuant to Rule 16 is reviewable under the abuse of discretion standard. *See Hansen v. United States*, 393 F.2d 763, 770 (8th Cir.), *cert. denied*, 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968). Subsidiary fact-finding is, of course, reviewed under the clearly erroneous standard. *See* Fed.R.Civ.P. 52(a). Considering that Tibesar's counsel was permitted nearly a full day to prepare a response to the disclosed document, *cf. United States v. Zabel*, 702 F.2d 704, 709 (8th Cir.), *cert. denied sub nom. Gukeisen v. United States*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983), that Tibesar's signature on the document acknowledges his familiarity with its contents, and that Tibesar's counsel did not request a continuance, *see United States v. Levine*, 700 F.2d 1176, 1182 (8th Cir.1983), we cannot say that the District Court's finding that Tibesar was not prejudiced by the delay in disclosure is clearly erroneous. There having been no showing of prejudice, it is plain that the District Court did not abuse its discretion in refusing to exclude the document.

■ Next, Tibesar argues that the District Court's failure to strike a prospective juror for cause on the ground that he was employed by the government violated Tibesar's Fifth and Sixth Amendment rights to a fair trial by an impartial jury. The juror in question was employed by the Internal Revenue Service. When questioned by the court during voir dire, the juror indicated that in his work his only contact with criminal matters consisted of occasionally referring to the criminal division cases of suspected tax fraud and cases involving failure to file a tax return. The court rejected Tibesar's challenge, and the juror was removed by one of Tibesar's peremptory challenges.

■■ Absent abuse of discretion, we will not interfere with the District Court's determination of juror qualifications. *United States v. Archie*, 656 F.2d 1253, 1259 (8th Cir.1981), *cert. denied*, 455 U.S. 951, 102 S.Ct. 1455, 71 L.Ed.2d 666 (1982). A juror employed by the government is not disqualified from a case in which the government is a party simply by reason of his employment. To challenge for cause, a party must show "actual partiality growing out of the nature and circumstances of [the] particular case[ ]." *United States v. Wood*, 299 U.S. 123, 149, 57 S.Ct. 177, 186, 81 L.Ed. 78 (1936); *see Rogers v. Rulo*, 712 F.2d 363 (8th Cir.1983), *cert. denied*, 464 U.S. 1046, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984) (court rejected a per se theory of implied bias and required that actual prejudice be shown). In the present case, no actual prejudice was shown. We are satisfied that the District Court's refusal to strike, after questioning the juror at voir dire, was not an abuse of discretion.

■ Tibesar challenges his sentence under the Sentencing Guidelines. Tibesar argues that his sentence was unlawful because the base offense level established by the Sentencing Commission is not responsive to the governing congressional directive. *See* 28 U.S.C. § 994. This argument was not presented to the District Court and therefore we will not consider it on appeal. *See United States v. Librach*, 536 F.2d 1228, 1231 (8th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). In any event, the argument is with-

out merit. *See United States v. Evidente*, 894 F.2d 1000, 1001–02 (8th Cir.1990) (Sentencing Commission's guideline on the crime of escape complies with the congressional directive).

■ Finally, Tibesar argues that the District Court abused its discretion in failing to depart downward for certain circumstances not adequately taken into consideration by the Sentencing Guidelines.[2] The District Court has the authority, which it may exercise in its discretion, to depart from the applicable guideline if the court finds there exists an aggravating or mitigating circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guideline. *See* 18 U.S.C. § 3553(b); Guidelines § 5K2.0.

■ As we hold in *Evidente*, slip op. at 8–10, 894 F.2d at 1004–05 (issued contemporaneously with our opinion in the present case), and for the reasons there set forth, this Court lacks authority to review a sentencing court's exercise of its discretion resulting in a refusal to depart from the sentencing range established by the applicable guideline. Accordingly, Tibesar's argument provides no basis for relief from the sentences imposed by the District Court.

The conviction and sentence are affirmed.

---

**2.** Specifically, Tibesar argued that the District Court should have departed downward because (1) he escaped from a non-secure facility; (2) he had a short time remaining on his original sentence, and (3) his original sentence would be increased because of a loss of good time and extension of his parole date.