952 F.2d 397
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra Lynn DINGESS, Defendant-Appellant.
 No. 91-5343.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Dec. 31, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. (CR-91-24-2), John T. Copenhaver, Jr., District Judge.
 Leonard Kaplan, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Debra Lynn Dingess pled guilty to simple possession of marijuana in violation of 21 U.S.C. § 844(a) (West 1981 & Supp.1991). She appeals her sentence and we affirm.
 
 
 2
 Dingess first contends that the district court erred in refusing to grant her a two-level reduction in offense level for acceptance of responsibility. Between the time of her initial appearance and the preparation of the presentence report, Dingess submitted ten court-ordered urine samples; four of the tests were positive for marijuana use, including one after she entered her guilty plea. The probation officer did not recommend a reduction for acceptance of responsibility. Dingess objected that the positive tests were caused by secondary smoke she inhaled when people she socialized with were using marijuana. The probation officer checked with the laboratory which did the tests and was informed that secondary smoke would not produce a positive test. This information was included in the addendum to the presentence report. At the sentencing hearing, the parties agreed that the probation officer would so testify if called, and neither side offered any further evidence on the issue. The district court decided that the reduction was not appropriate.
 
 
 3
 A defendant seeking an offense level reduction for acceptance of responsibility must demonstrate by a preponderance of the evidence that he is entitled to the reduction. United States v. White, 875 F.2d 427 (4th Cir.1989). The district court's factual determination is reviewed for clear error. Id. On the facts of this case, we cannot say that the district court's determination was clearly erroneous.
 
 
 4
 Dingess also argues on appeal that due process is violated when the probation officer provides the sentencing court with information adverse to a defendant on a contested issue. This issue was not raised in the district court and appellate review is therefore waived. United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S.1990). Moreover, we do not find plain error or a violation of due process in the district court's consideration of the information supplied by the probation officer. See United States v. Belgard, 894 F.2d 1092 (9th Cir.), cert. denied, 59 U.S.L.W. 3248 (U.S.1990) (functions of the probation officer do not deprive defendants of due process).
 
 
 5
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.