962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Randolph WILLIAMS, Defendant-Appellant.
 No. 91-5710.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: May 15, 1992
 
 Allen Bethea Burnside, Federal Public Defender's Office, Columbia, South Carolina, for Appellant.
 William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Randolph Williams pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C.A.s 922(g)(1) (West Supp. 1991). He was sentenced to twenty-seven months in prison, a supervised release term of three years, and fined a special assessment of $50. He appealed and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Williams has filed a supplemental brief and moved for appointment of new counsel. Finding no error, we affirm.
 
 
 2
 In his brief on appeal, Williams's attorney suggests that two prior offenses should have been considered "related" crimes for sentencing purposes under United States Sentencing Commission, Guidelines Manual, § 4A1.2(a)(2) (Nov. 1989). The commentary suggests that prior sentences are related if they occurred on the same occasion, or were part of a single scheme, or were consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment. (n.3). Though Williams had filed an objection to the presentence report on this issue he withdrew this objection during the sentencing hearing after the district judge indicated he was not inclined to depart from the guidelines range.
 
 
 3
 Appellate review of a sentence is waived when the defendant fails to object to the sentence calculation at the district court level. United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S. 1990). Williams waived appellate review of this issue unless the district court committed plain error. We find no plain error. See United States v. Rivers, 929 F.2d 136, 139-40 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991); United States v. Flores, 875 F.2d 1110, 1114 (5th Cir. 1989).
 
 
 4
 Williams's attorney raised no other issues. Williams claims that he should be given credit for home detention prior to sentencing. The Supreme Court ruled recently that the Attorney General of the United States computes any credit for time spent in official detention prior to commencing a federal prison term under 18 U.S.C.s 3585(b) (1988). United States v. Wilson, 60 U.S.L.W. 4244 (U.S. 1992). Therefore, this claim is without merit.
 
 
 5
 Williams also claims that his trial attorney misinformed him about the applicable guidelines range. The record does not support this claim of ineffective assistance of counsel. Therefore, it is not cognizable on direct appeal but must be brought under 28 U.S.C. § 2255 (1988). United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).
 
 
 6
 In accordance with Anders, we have independently examined the entire record in this case and find no other meritorious issues for appeal. We, therefore, affirm the judgment of the district court. We deny Williams's motions for substitution and appointment of counsel.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council to implement the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, this Court requires that counsel inform his client in writing of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED