977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas THOMAS, Defendant-Appellant.
 No. 91-5676.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 11, 1992.
Decided Sept. 29, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. No. CR-89-205; Robert Earl Maxwell, Chief District Judge.
 Harry A. Smith, III, Elkins, W.Va., for appellant.
 William A. Kolibash, U.S. Atty., Sam G. Nazzaro, Asst. U.S. Atty., Wheeling, W.Va., for appellee.
 N.D.W.Va.
 DISMISSED.
 Before DONALD RUSSELL, WILKINSON and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas Thomas pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine (21 U.S.C. § 846 (1988)) and appeals the sentence he received. We dismiss.
 
 
 2
 At the time of his guilty plea, Thomas was known to have been engaged with several others in bringing drugs from New York to Wheeling, West Virginia, and Fairmont, West Virginia, for sale. The plea agreement stipulated that the government could readily prove Thomas's involvement with 150-500 grams of crack cocaine, or cocaine base. The agreement also provided that, if Thomas gave valuable assistance in the prosecution of "higher level drug traffickers in the Northern District of West Virginia, the Western District of Virginia, and elsewhere," the government would move for a downward departure for substantial assistance pursuant to guideline section 5K1.1.*
 
 
 3
 Thomas provided information useful in other prosecutions, and testified at the trial of a drug dealer in Roanoke, Virginia. At his sentencing hearing, the government made a motion for a four-level downward departure for substantial assistance. However, although the district court awarded Thomas a two-level reduction in offense level for acceptance of responsibility and sentenced him at the low end of the guideline range, the district court decided not to depart, finding that to further reduce the sentence would be inappropriate for a defendant so heavily involved himself in drug trafficking.
 
 
 4
 Thomas contends on appeal that the district court incorrectly applied the guidelines by refusing to depart because of information he revealed pursuant to his cooperation agreement. He relies on guideline section 1B1.8 and United States v. Malvito, 946 F.2d 1066 (4th Cir.1991), in which this Court held that, in sentencing a defendant who pled guilty to possession of cocaine with intent to distribute, the district court misapplied section 1B1.8 when it based its decision not to depart for substantial assistance on the defendant's marijuana sales, even though the government did not know he was selling marijuana until he began to cooperate.
 
 
 5
 This case is unlike Malvito, however, in that the government was well aware of Thomas's drug trafficking at the time the cooperation agreement was made. Although Thomas presumably revealed additional information about that activity and his associates during his cooperation, the district court did not base its decision here on anything revealed by Thomas during his cooperation which was not already generally known by the government at the time of the plea agreement.
 
 
 6
 Thomas did not make this argument in the district court and has thus waived it for appellate review. United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S.1990). If the district court had indeed misapplied the guideline, review would be available under the plain error rule. Fed.R.Crim.P. 52(b). We find no plain error here. Our review of the transcript of the sentencing hearing shows that the district court appears to have relied primarily on information from Ms. Hall, with whom Thomas had a relationship and who was arrested for her part in the drug conspiracy three months prior to Thomas, and the fact that Thomas had been arrested in Roanoke, Virginia. This information was clearly known to the government prior to Thomas's arrest and not obtained as a result of discussions resulting from the plea agreement. Therefore, the district court honored "the government's promise that self-incriminating information volunteered by [Thomas] under [the] cooperation agreement will not subject [Thomas] to a harsher sentence." Malvito, 946 F.2d at 1068. Thus, there is no plain error.
 
 
 7
 We therefore dismiss the appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990) (failure to depart not reviewable on appeal). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual, (Nov. 1990)