977 F.2d 575
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Douglas Wayne WHITEHEAD, Defendant-Appellant.
 No. 91-5527.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 4, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-90-91-R)
 Kelly A. Halligan, Ashland, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Roger W. Frydrychowski, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Douglas Wayne Whitehead appeals the sentence imposed by the district court following his guilty plea to one count of knowingly and unlawfully receiving and possessing seven firearms in interstate commerce while being a felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1992). The district court imposed the fifteen-year mandatory minimum sentence authorized by 18 U.S.C.A. § 924(e) and ordered Whitehead to serve his federal sentence consecutively to previouslyimposed state sentences. We affirm the federal sentence.
 
 
 2
 Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Counsel raises as issues (i) whether the mandatory minimum sentencing provision found at § 924(e) was constitutionally applied to Whitehead and (ii) whether the district court erred in failing to order Whitehead's federal sentence run concurrently with his state sentences. Whitehead was given the opportunity to file a supplemental brief. We have treated a "motion" he thereafter filed as, in relevant part, such a brief.
 
 
 3
 When Whitehead pled guilty he filed a document in tandem with the prosecution admitting to the substantive offense but challenging the authority of the government to sentence him under § 924(e). Subsequently, Whitehead conceded the government and the district court had such authority. He did not raise the issue during the sentencing hearing, but merely asked that the mandatory federal sentence be made concurrent with his state sentences.
 
 
 4
 A defendant's failure to object at sentencing waives the issue on appeal in the absence of plain error. United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S. 1990); Fed. R. Crim. P. 52(b). We have examined Whitehead's counsel's arguments concerning double jeopardy and ex post facto violations and can discern no plain error. See Taylor v. United States, 495 U.S. 575 (1990); United States v. Etheridge, 932 F.2d 318, 323 (4th Cir.), cert. denied, 60 U.S.L.W. 3293 (U.S. 1991). United States v. Conner, 886 F.2d 984, 985 (8th Cir. 1989), cert. denied, 493 U.S. 1089 (1990). Whitehead waived these issues on appeal because he did not raise them during sentencing.
 
 
 5
 Whitehead also challenges the district court's decision that Whitehead's federal sentence should be served consecutively to his previously-imposed state sentences. The decision whether a federal prison term should be served concurrently or consecutively is left to the sentencing judge's discretion. United States v. Rogers, 897 F.2d 134, 138 (4th Cir. 1990). After a review of the record, we cannot say that the district judge abused his discretion in ordering a consecutive sentence.
 
 
 6
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal.
 
 
 7
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari. Accordingly, we deny counsel's motion for leave to withdraw.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED