UNITED STATES of America, Appellee,

v.

Harry N. CARTER, Defendant–
Appellant.

No. 44, Docket 92–1089.

United States Court of Appeals,
Second Circuit.

Argued Sept. 16, 1992.

Decided Dec. 10, 1992.

Herbert G. Ogden, Jr., Harlow Liccardi & Crawford, P.C., Rutland, VT, for defendant-appellant.

William B. Darrow, Asst. U.S. Atty., D. of VT, Burlington, VT (Charles A. Caruso, U.S. Atty. for the D. of VT, David V. Kirby, Chief, Crim. Div., D. of VT, on the brief), for appellee.

Before: MINER, ALTIMARI and WALKER, Circuit Judges.

WALKER, Circuit Judge:

This appeal is from a judgment of the United States District Court for the District of Vermont, Franklin S. Billings, Jr., *Judge*, that convicted Harry N. Carter of two counts of violating 18 U.S.C. §§ 922(g)(1) and 924(e) and sentenced him to two concurrent 264 month sentences as an Armed Career Criminal under § 4B1.4 of the 1991 Sentencing Guidelines. Carter challenges: (1) the constitutionality of 18 U.S.C. § 922(g)(1), which provides strict punishments for previously convicted felons who possess firearms "in or affecting commerce," arguing that the statute is unconstitutionally vague and violates the Due Process Clause; (2) the district court's interpretation of the statute and jury instruction; and (3) the constitutionality of his sentence. We find Carter's challenges unconvincing and affirm his convictions. However, in light of a recent revision to the Sentencing Guidelines bearing upon Carter's sentence, we vacate Carter's sentence and remand for resentencing.

## BACKGROUND

On February 2, 1989, Carter was arrested for threatening a woman and her 12-year-old daughter with a .380 caliber semi-automatic pistol and a baseball bat. One-and-one-half years later, on August 7, 1990, Carter was arrested again when he was found drunk in a residential area carrying a loaded shotgun.

In August 1990, Carter was indicted on two counts of violating 18 U.S.C. § 922(g)(1), which makes it a federal crime for a convicted felon knowingly to possess a firearm. Count 1 charged that Carter knowingly possessed a shotgun in and affecting commerce in 1990 while having been convicted under Vermont law of three counts of breaking and entering, one count of selling a regulated drug, and one count of possessing with intent to sell a regulated drug, all felonies. Count 2 charged him with knowingly possessing a pistol in and affecting commerce in 1989 having been convicted of the same felonies recited in Count 1. The jury found Carter guilty on both counts.

On February 3, 1992, at sentencing, the district court determined that Carter was subject to an enhanced sentence under 18 U.S.C. § 924(e) as an Armed Career Criminal under 1991 Guidelines § 4B1.4. The court concluded that under the Sentencing Guidelines, for each count, Carter's total adjusted offense level was 33 and his criminal history category VI, requiring a sentencing range of 235 to 293 months. The court imposed two concurrent 264 month sentences.

## DISCUSSION

A. *Constitutionality of 18 U.S.C. § 922(g)(1).*

Carter was convicted under a two-count indictment alleging that as a felon, he "did knowingly possess in and affecting commerce" specified firearms in violation of § 922(g)(1). Section 922(g)(1) provides in relevant part that:

It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . . .

to ship or transport in interstate or foreign commerce, or *possess* in or affecting

commerce, any firearm or ammunition. . . .

18 U.S.C. § 922(g)(1) (1991) (emphasis added). Carter challenges his conviction—as he did his indictment—contending that the statute is unconstitutionally vague and therefore violates the Due Process Clause of the Fifth Amendment. Carter argues that the statute "penaliz[es] him for possession of the firearms without giving him fair notice that he was not to possess them," and fails to communicate to the lay person that a felon may not possess a firearm that has ever crossed a state line. Rather, he asserts, an ordinary person would conclude that a felon must not possess a firearm "so as to harm" interstate commerce. We disagree.

■■■ A criminal statute is unconstitutionally vague if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United ed States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979) (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954)). When First Amendment considerations are not at issue, we must evaluate vagueness challenges to a statute as it is applied to the facts of the case. *Chapman v. United States*, —— U.S. ——, ——, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524 (1991); *United States v. Coonan*, 938 F.2d 1553, 1562 (2d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1486, 117 L.Ed.2d 628 (1992). Section 922(g)(1) is intended primarily to prohibit felons from possessing firearms, H.R.Rep. No. 495, 99th Cong., 2d Sess. 23, *reprinted in* 1986 U.S.C.C.A.N. 1327, 1349, and Carter does not contest that, as a felon in possession of guns, he falls within the ambit of the statute. Instead, he argues that he could not be expected to know that the phrase "in or affecting commerce" referred to the connection his guns had with interstate commerce with the effect that his conduct was criminalized thereby. Carter's notice argument, however, is not persuasive. The district court correctly held that the language of the statute "sufficiently indicates that convicted felons may not possess weapons that have a connection with interstate commerce."

■■ The phrase "in or affecting commerce" has become a jurisdictional term of art that indicates a Congressional intent to assert its full Commerce Clause power. *Scarborough v. United States*, 431 U.S. 563, 571, 97 S.Ct. 1963, 1967, 52 L.Ed.2d 582 (1977) (citations omitted). In the context of firearm control, it is well established that for a firearm to fall within the Commerce Clause, it need only have travelled previously, in interstate commerce. *Batchelder*, 442 U.S. at 117–19, 99 S.Ct. at 2200–02; *Scarborough*, 431 U.S. at 575, 97 S.Ct. at 1969. Therefore, when the phrase is used in § 922(g)(1), it provides notice to felons in possession of firearms which have travelled in interstate commerce that their conduct is prohibited.

In *Batchelder*, the Supreme Court upheld the constitutionality of § 1202(a) of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, Title VII, §§ 1201–03, 82 Stat. 197, 236 *repealed by* Firearms Owner's Protection Act, Pub.L. No. 99–308, § 104(b), 100 Stat. 449, 459 (1986). The Court rejected the argument that the statute, which punished a felon "who receives, possesses, or transports [a firearm] in commerce or affecting commerce," 18 U.S.C.App. § 1202(a)(5), was void for vagueness and held that "[t]he provision[ ] in issue here . . . unambiguously specif[ies] the activity proscribed. . . ." 442 U.S. at 123. So, too, it is eminently clear that § 922(g)(1) prohibits a previously convicted felon from possessing a firearm that has travelled in interstate commerce.

We are in accord with the other circuits that have considered the constitutionality of § 922(g)(1). These courts have held that on its face, § 922(g)(1) "applies to a possession of a gun that previously moved in interstate commerce." *United States v. Gillies*, 851 F.2d 492, 495 (1st Cir.), *cert. denied*, 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *see United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir.1991); *United States v. Conner*, 886 F.2d 984, 985 (8th Cir.1989) (per curiam), *cert. denied*,

493 U.S. 1089, 110 S.Ct. 1156, 107 L.Ed.2d 1060 (1990).

■ Carter was on notice that his pistol and shotgun had travelled to Vermont, where he possessed them, via interstate commerce. At trial, witnesses testified that Carter's pistol was manufactured in West Germany, imported to Virginia and eventually purchased in Vermont. The pistol is imprinted with the words "Made in West Germany." Witnesses also testified that Carter's shotgun was manufactured in Massachusetts, purchased in Pennsylvania, and then resold to a dealer in Vermont. The shotgun is inscribed with the words "Made in Massachusetts."

B. *Jury Instruction.*

■ Carter next challenges the propriety of the district court's jury instruction on the interstate commerce nexus. The court instructed the jury that the interstate commerce element of § 922(g)(1) was met if "the firearm in question previously had traveled in interstate commerce." The court further stated that "[i]t is sufficient ... that the firearm allegedly possessed or received by the defendant had at some point previously traveled across a state line."

Carter contends that the district court erroneously refused to let the jury consider more than the fact "that the firearms had once crossed a state line" to determine whether Carter possessed the firearms "in or affecting commerce." Carter's challenge to the jury instruction is premised upon the same argument he used in his statutory challenge. In light of our holding that § 922(g)(1) is valid and applies to Carter's conduct, the requirement that the firearms have been "in or affecting commerce" is satisfied "merely upon a showing that the possessed firearm has previously ... travelled in interstate commerce." *Scarborough,* 431 U.S. at 567 n. 5, 97 S.Ct. at 1965 n. 5. Thus, the challenged jury instruction was proper.

C. *Sentencing.*

Due to a revision to the Sentencing Guidelines that was published on the same day as the oral arguments in this case, the government does not oppose Carter's challenge to his sentence.

■ Generally, a sentence is to be determined by the Guidelines in effect at sentencing. 18 U.S.C. § 3553(a)(4) (1988). However, in *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the Supreme Court held that a retroactive application of a state guidelines scheme that yields a harsher sentence than would the guidelines in effect when the crimes were committed is unconstitutional. The district court imposed two concurrent 264 month prison terms rendered pursuant to the Armed Career Criminal provisions of the 1991 Sentencing Guidelines, U.S.S.G. § 4B1.4. At sentencing Carter contended that such a sentence violated *Miller* because under the 1988–89 and 1989–90 Guidelines, in effect when he committed his crimes, the most he could have received would have been a 180 month sentence under 18 U.S.C. § 924(e), the maximum penalty for a violation of § 922(g)(1). However, the district court held that under the 1988–89 or 1989–90 Guidelines, Carter's sentence would have been harsher, not more lenient, than the one imposed since he would have been subject to a 360 month to life sentence as a career offender under § 4B1.1. Under § 4B1.1, defendants with multiple past convictions who face sentencing for a "crime of violence" incur enhanced sentences. The district court agreed with the government's argument that by possessing a firearm as a felon, Carter committed a "crime of violence" as defined by the 1988–89 and 1989–90 Guidelines. The question whether a "felon in possession" conviction is a crime of violence under the 1988–89 and 1989–90 Guidelines was thus squarely presented. But we need not answer it because, while this appeal was pending, the Sentencing Commission has already done so.

■ Effective November 1, 1992, a revision to § 1B1.10(d) of the Sentencing Guidelines establishes retroactively that a "felon in possession" conviction under § 922(g)(1) is *never* a "crime of violence"

for purposes of § 4B1.1, 57 Fed.Reg. 42,-804 (1992), thereby undercutting the government's position. After oral argument and upon learning of this revision, the government informed this court that it does not oppose remand for resentencing in conformity with this Guidelines amendment. Accordingly, we remand for resentencing.

## CONCLUSION

The judgment of conviction is affirmed. The sentence is vacated and we remand for resentencing.