**UNITED STATES of America, Appellee,**

v.

**Timothy SANDERS, Defendant–Appellant.**

**No. 26, Docket 93–1872.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 7, 1994.

Decided Sept. 8, 1994.

Certiorari Denied Nov. 7, 1994.

See 115 S.Ct. 497.

Bennett M. Epstein, New York City, for defendant-appellant.

Edgardo Ramos, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Zachary M. Carter, U.S. Atty., Emily Berger, Asst. U.S. Atty., of counsel), for appellee.

Before: MESKILL, MAHONEY and WALKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Timothy Sanders appeals from a judgment entered December 16, 1993 in the United States District Court for the Eastern District of New York, Edward R. Korman, *Judge,* after Sanders pled guilty to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Sanders was sentenced to thirty-seven months imprisonment, three years of supervised release, and a $50 special assessment. He remains incarcerated pending this appeal.

Sanders, a convicted felon, was arrested on September 23, 1992 after a search of his Brooklyn home uncovered 408 rounds of ammunition in a shoe box under his bed. In view of a preceding motion, his ensuing guilty plea to a violation of § 922(g)(1) preserved for appeal the issue that the interstate commerce requirement of § 922(g)(1) was not satisfied in this case.

Section 922(g)(1) provides in pertinent part: "It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess *in or affecting commerce, any firearm or ammunition.*" *Id.* (emphasis added). Sanders argues on appeal that his conviction under Section 922(g)(1) must be reversed because

he possessed the ammunition at issue only in New York. The government concedes that the ammunition's only nexus to interstate commerce is that it had been manufactured in another state and reached New York via interstate commerce at some unspecified time prior to Sanders' possession of it.

Our decision in *United States v. Carter,* 981 F.2d 645 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1827, 123 L.Ed.2d 456 (1993), disposes of this appeal. In *Carter,* the defendant possessed firearms in Vermont that had been manufactured elsewhere and had reached Vermont via interstate commerce before Carter possessed them. We upheld the constitutionality of § 922(g)(1), noting that: "The phrase 'in or affecting commerce' has become a jurisdictional term of art that indicates a Congressional intent to assert its full Commerce Clause power." *Id.* at 647 (citing *Scarborough v. United States,* 431 U.S. 563, 571, 97 S.Ct. 1963, 1967, 52 L.Ed.2d 582 (1977)).

Directly pertinent to this appeal, in *Carter* we approved jury instructions "that the interstate commerce element of § 922(g)(1) was met if 'the firearm in question previously had traveled in interstate commerce,' " *id.* at 648 (quoting jury instruction), and that " '[i]t is sufficient that the firearm allegedly possessed or received by the defendant had at some point previously traveled across a state line.' " *Id.* (quoting jury instruction); *see also United States v. Jones,* 16 F.3d 487, 491 (2d Cir.1994) (only " ' "minimal nexus that the firearm [has] been, at some time, in interstate commerce" ' " need be shown (quoting *United States v. Travisano,* 724 F.2d 341, 347 (2d Cir.1983) (quoting *Scarborough,* 431 U.S. at 575, 97 S.Ct. at 1969, construing predecessor statute to § 922(g)(1) (alteration in *Jones* )))); *United States v. Sherbondy,* 865 F.2d 996, 999–1001 (9th Cir. 1988) (violation of § 922(g)(1) when defendant possessed in California a firearm manufactured in Connecticut, rejecting contention that phrase "possess in or affecting commerce" requires a present connection with interstate commerce); *United States v. Gillies,* 851 F.2d 492, 493 (1st Cir.) (§ 922(g)(1) applies to "simple in-state possession of a gun that, sometime in the past, arrived from

out of state"), *cert. denied*, 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988).

Finally, in view of the clear language of § 922(g)(1), rendering illegal the possession "in or affecting commerce" by a convicted felon of "any firearm *or* ammunition," *id.* (emphasis added), the fact that ammunition is involved in this case, rather than firearms, affords no basis to distinguish *Carter*.

We accordingly reject Sanders' contention that the link to interstate commerce in this case was too attenuated to satisfy § 922(g)(1), and affirm the judgment of conviction from which he appeals.