UNITED STATES of America, Plaintiff,

v.

**Kenneth HART, Defendant.**

**No. 1:94 CR 435.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 7, 1995.

Charles Fleming, Jr., Office of The Federal Public Defender, Cleveland, OH, for defendant.

Nancy Lee Kelley, Office of The U.S. Atty., Cleveland, OH, for Government.

### MEMORANDUM AND ORDER

OLIVER, District Judge.

This memorandum and order addresses Defendant's motion to dismiss count 2 of the superseding information. For the reasons stated herein, the court denies Defendant's motion.

On February 28, 1995, the Government filed a two-count information against Defendant. The information alleges in Count 1, possession of cocaine, and in Count 2, felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Relying on the Supreme Court's recent decision in *United States v. Lopez*, — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), which concerned the constitutionality of 18 U.S.C. § 922(q), Defendant Hart argues that Count 2 of the information should be dismissed because the statute under which he is charged, 18 U.S.C. § 922(g)(1), does not regulate an activity which substantially affects interstate commerce. Therefore, Defendant Hart argues that the statute exceeds the scope of Congress' commerce power. The United States argues that it is a valid assertion of said power. Neither party suggests that Section 922(g)(1) is a valid exercise of one of Congress' other enumerated powers.

The Constitution grants Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., Art. I, § 8, cl. 3. Broad as this power is, Congress' power to regulate commerce does have limits. *See, e.g., National Labor Relations Board v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 36, 57 S.Ct. 615, 623–24, 81 L.Ed. 893 (1937). In *United States v. Lopez*, — U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the Supreme Court discussed the limits on Congress' commerce power. The Court identified "three broad categories of activity" that Congress may regulate under the Commerce Clause:

> First, Congress may regulate the use of the channels of interstate commerce.... Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities.... Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce, ... i.e., those activities that substantially affect interstate commerce.

*Lopez*, at ——, 115 S.Ct. at 1629 (citations omitted).

The Court in *Lopez* concluded that 18 U.S.C. § 922(q) was not a valid exercise of the commerce power under this analysis. The statute, which prohibited possession of a firearm in a school zone, clearly was not a regulation of the use of the channels of interstate commerce, nor was it a regulation to protect an instrumentality of interstate commerce or a thing in interstate commerce. *Lopez*, at ——, 115 S.Ct. at ——. The only remaining issue was whether the statute could be upheld as a regulation of an activity substantially affecting interstate commerce. The Court held that it could not:

> Section 922(q) is a criminal statute that by its terms has nothing to do with "commerce" or any sort of economic enterprise, however broadly one might define those terms. Section 922(q) is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated. It cannot therefore be sustained under our cases upholding regulations of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce.

*Lopez*, at ——, 115 S.Ct. at 1631.

Defendant Hart here argues that § 922(g) is unconstitutional for the same rea-

sons that § 922(q) was held unconstitutional by the Supreme Court. Hart argues that the "wholly intrastate activity" regulated by § 922(g) has no identifiable connection to interstate commercial activity.

The analysis of § 922 must begin with a review of the statutory language itself:

§ 922 Unlawful Acts

\* \* \*

(g) It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

\*   \*   \*   \*   \*   \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

\*   \*   \*   \*   \*   \*

Unlike § 922(q), § 922(g) on its face requires a nexus between the firearm possession (or shipment, or transportation, or receipt) at issue and interstate commerce. Several circuits have upheld the statute on this basis alone. *See, e.g., United States v. Gillies,* 851 F.2d 492, 495 (1st Cir.1988); *United States v. Carter,* 981 F.2d 645 (2d Cir.1992); *United States v. Conner,* 886 F.2d 984, 985 (8th Cir.1989); *United States v. Poole,* 929 F.2d 1476, 1479 (10th Cir.1991). Thus, the statute does not regulate mere possession of a firearm; it regulates possession "in or affecting commerce." This jurisdictional element of the conduct prohibited by the statute requires, on a case-by-case basis, an analysis of whether the prohibited conduct substantially affects interstate commerce. *Lopez,* at ——, 115 S.Ct. at 1630; *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

The legislative history further supports the fact that Section 922(g) requires a nexus with interstate commerce. In 1986 Congress gathered into Section 922(g) the offenses of shipping, transporting, possession and receipt of firearms by certain classes of "un-

qualified" persons that previously were divided between 18 U.S.C. § 922(g) and 18 U.S.C.App. § 1202(a). Firearms Owners' Protection Act, P.L. No. 99–308, § 102(6)(D), 100 Stat. 449, 452 (1986); H.Rep. No. 495, 99th Cong., 2d Sess. 23 (1986), reprinted in 1986 U.S.Code Cong. & Ad.News 1327, 1349. In so doing Congress incorporated the "in or affecting commerce" language used in Section 1202(a) to modify possession. Section 1202 was repealed in its entirety. P.L. No. 99–308, § 104(b), 100 Stat. 459. Yet, according to the Fifth Circuit, "the inclusion in Section 922(g)(1) of interstate commerce language almost identical to that found in section 1202(a) suggests intent to continue the former statute's broad reach." [1] *United States v. Fitzhugh,* 984 F.2d 143 (5th Cir. 1993). In *United States v. Gillies,* 851 F.2d 492, 493 (1st Cir.1988), the court held that "the words 'affecting commerce' are jurisdictional words of art, typically signaling a congressional intent to exercise its Commerce Clause power broadly, perhaps as far as the Constitution permits."

In the context of firearm control, it is well established that for a firearm to fall within the Commerce Clause, it need only have traveled previously in interstate commerce. *See United States v. Batchelder,* 442 U.S. 114, 117–19, 99 S.Ct. 2198, 2200–02, 60 L.Ed.2d 755 (1979); *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977); *U.S. v. Wallace,* 889 F.2d 580, 583 (5th Cir.1989). Accordingly, the Sixth Circuit requires the Government to prove three elements to convict a defendant pursuant to Section 922(g)(1): "the defendant had previous felony conviction; the defendant possessed a firearm; and the firearm had traveled in or affected interstate commerce." *United States v. Moreno,* 933 F.2d 362, 372 (6th Cir.1991) (quoting *United States v. Petitjean,* 883 F.2d 1341, 1347 (7th Cir.1989)).

In *Lopez,* the Supreme Court found § 922(q) unconstitutional on the ground that it exceeded Congress' Commerce Clause power to regulate the mere possession of a

1. In *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Supreme Court interpreted section 1202(a) as pro-

hibiting possession by felons of firearms which had at any time moved in interstate commerce.

gun in a local school zone because it in no way affected interstate commerce. In contrast, Section 922(g)(1) on its face requires a nexus with interstate commerce. Moreover, its legislative history makes clear that Congress contemplated a connection with interstate commerce. Finally, the caselaw interpreting Section 922(g)(1) requires that the gun have traveled in interstate commerce and the government must prove this element in order to prevail. As such, this court finds that Section 922(g) does not suffer from any of the constitutional infirmities that the Supreme Court found in Section 922(q).

For the foregoing reasons, the court hereby denies Defendant's motion to dismiss count 2 of the superseding information.

IT IS SO ORDERED.