101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Donald E. PAYDON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2148.
 United States Court of Appeals, Second Circuit.
 July 25, 1996.
 
 1
 Donald E. Paydon, pro se, Fairton, New Jersey, for Appellant.
 
 
 2
 John M. Conroy, Assistant United States Attorney, District of Vermont, Burlington, Vermont, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Donald E. Paydon appeals, pro se, from Judge Sessions' order denying Paydon's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Paydon plead guilty to one count of possessing a Colt .25 caliber semi-automatic pistol in violation of 18 U.S.C. § 922(g)(1). He received a sentence of 51 months imprisonment, followed by three years of supervised release. He is serving his sentence.
 
 
 7
 Paydon did not appeal from his sentence. Later, he filed a pro se § 2255 motion claiming that: (i) 18 U.S.C. § 922(g)(1) was an unconstitutional exercise of Congress's power under the Commerce Clause; (ii) 18 U.S.C. § 922(g)(1) is unconstitutionally vague and ambiguous; (iii) the possession of the firearms occurred solely in Vermont and therefore was beyond the scope of the above statute; and (iv) Paydon's conduct fell within the exception to § 922(g)(1) for convicted felons whose civil rights had been restored.
 
 
 8
 Following referral by the district court, Magistrate Judge Niedermeier recommended that Paydon's motion be denied. Judge Sessions accepted Judge Niedermeier's recommendations and ordered Paydon's motion denied. We agree.
 
 
 9
 Paydon's failure to raise his claims on direct appeal precludes § 2255 review, unless he shows "cause" and "prejudice". McGrath v. United States, 60 F.3d 1005, 1006 (2d Cir.1995). Paydon's assertion that he and his attorney did not see a basis for a direct appeal at the time, does not constitute "cause" for an exception. Murray v. Carrier, 477 U.S. 478, 486-87 (1986).
 
 
 10
 Nor can Paydon show "prejudice" as his claims lack merit. We have held that Congress acted within its constitutional authority in enacting 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing firearms. United States v. Hernandez, 85 F.3d 1023, 1031 (2d Cir.1996). Likewise, we have rejected the claim that the language in § 922(g)(1) is unconstitutionally vague or ambiguous. United States v. Carter, 981 F.2d 645, 647 (2d Cir.1992), cert. denied, 507 U.S. 1023 (1993). Paydon's claim that the possession of his firearm occurred solely in Vermont is equally without merit, as the gun was manufactured outside of Vermont and thereafter travelled in interstate commerce. Id. ("In the context of firearm control, it is well established that for a firearm to fall within the Commerce Clause, it need only have travelled previously in interstate commerce."). We also reject Paydon's claim that he falls within the exception in Section 921(a)(20) for convictions "for which a person ... has had civil rights restored." Paydon claims the exclusion applies because his civil rights were never taken away under Vermont law. Vermont, however, has stripped Paydon of his civil right to serve on a jury due to his felony conviction. Moreover, we have held that not losing state civil rights does not qualify as "restoration" under § 921(a)(20). See McGrath, 60 F.3d at 1007.
 
 
 11
 We therefore affirm.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation