UNITED STATES of America,
Appellee,

v.

Richard STEWART, also known as
Sealed Defendant, Defendant–
Appellant.

No. 03–1198.

United States Court of Appeals,
Second Circuit.

June 8, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

John G. Duncan, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York (Elizabeth S. Riker, Assistant United States Attorney), Syracuse, NY, for Appellee, of counsel.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Richard Stewart appeals from his conviction, after jury trial, of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He also challenges his sentence. Because of his extensive criminal record, Stewart was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), principally to 293 months' imprisonment and three years of supervised release.

At trial, the prosecution produced evidence that the Mostly Shaker Custom Woodworking business in Syracuse, New York, had been burgled on the night of October 25, 2000, and that a Smith and Wesson, Model 37, .38 caliber revolver was stolen. The burglar had apparently entered by breaking several windows. Investigators arriving on the scene collected samples of blood spots outside the building.

■ Stewart claims first that the evidence proffered at trial was insufficient to permit a rational jury to find that he "possessed" the firearm in question. Reviewing the evidence in the light most favorable to the government, as we must, *see United States v. Jackson*, 345 F.3d 59, 65 (2d Cir.2003), we find this claim meritless. Witnesses testified (1) that Stewart knew where the gun was prior to the burglary, (2) that he had injuries consistent with breaking into the business in question, and (3) that his DNA matched the DNA extracted from the blood found outside the broken windows. Although circumstantial, this evidence is clearly sufficient to support a jury's finding that Stewart was the one who stole—and therefore possessed— the firearm in question. Stewart's challenge to the jury instructions on possession also fails. We will uphold a verdict based upon jury instructions that permit multiple factual theories of guilt where the evidence is sufficient to support one of the proffered theories (here, actual possession). *See United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir.1996); *see also Griffin v. United States*, 502 U.S. 46, 56– 57, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991).

Stewart attacks the mode of execution of the search warrant used to obtain his DNA. At the time the warrant was to be served, Stewart was incarcerated on unrelated charges. The named doctor therefore obtained a cheek swab at the correctional facility rather than at his office. Considering the totality of the circumstances, this was entirely reasonable. *See United States v. Banks*, 540 U.S. 31, ——, 124 S.Ct. 521, 525, 157 L.Ed.2d 343 (2003). In addition, we have no cause to doubt the district court's finding that Stewart consented to this alternative procedure. As for Stewart's challenges to the underlying warrant itself, because the executing officers were objectively reasonable in relying upon the warrant as issued, the exclusionary rule does not apply. *See United States v. Leon*, 468 U.S. 897, 919–20, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

■ Appellant further argues that there was insufficient evidence for a rational jury to find the interstate nexus required by the felon-in-possession statute, 18 U.S.C. § 922(g)(1). We have held that although "some nexus with commerce must be shown, . . . that need not be 'any more than the minimal nexus that the firearm have been, at some time, in interstate commerce.'" *United States v. Travisano*, 724 F.2d 341, 347 (2d Cir.1983) (quoting *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)); *see also United States v. Gaines*, 295 F.3d 293, 302 (2d Cir.2002). Evidence that the gun was manufactured in a state different from the one in which the defendant's purported possession oc-

curred is sufficient to meet the nexus requirement of the statute. *United States v. Sanders,* 35 F.3d 61, 62–63 (2d Cir.1994) (finding the nexus requirement satisfied where the "only nexus to interstate commerce is that [the ammunition in question] had been manufactured in another state and reached New York via interstate commerce at some unspecified time prior to [defendant's] possession of it"). Such evidence was provided in this case by ATF Special Agent Henry Joncas, who testified that all revolvers of this type were manufactured in Massachusetts.

Stewart also raises challenges under Federal Rule of Evidence 702, arguing that Agent Joncas was not properly qualified and that his testimony was not based upon reliable methods. Defense counsel raised none of these objections before the district court, and we therefore apply plain error review. *See United States v. Morris,* 350 F.3d 32, 36 (2d Cir.2003). Indeed, it is precisely this sort of case that the plain error rule is designed for, because the defendant's concerns could have been readily addressed had they been raised below. We conclude that, if indeed there had been any error, it was certainly not plain.

Finally, appellant's contention that his prior convictions should have been charged in the indictment and submitted to the jury is squarely foreclosed by previous cases. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Santiago,* 268 F.3d 151, 155 (2d Cir.2001).

We have considered all of Stewart's claims and find them meritless. We therefore AFFIRM the judgment of the district court.