30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Carroll BECKLEY, Defendant-Appellant.
 No. 93-6413.
 United States Court of Appeals, Sixth Circuit.
 July 22, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The single question raised by this appeal is whether the defendant, Bobby Carroll Beckley, was properly sentenced as a "career offender," rather than as an "armed career criminal." We find error and remand for correction of the defendant's sentence.
 
 
 2
 In July 1991, Beckley pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1) and Sec. 924(a)(2), and to a second count of possession of an unregistered firearm in violation of 26 U.S.C. Secs. 5841, 5861(d), and 5871. At the sentencing hearing in September 1991, the district court appropriately consulted the 1990 Sentencing Guidelines and sentenced Beckley to 300 months on the felon-in-possession count, after determining that he was a career offender under 18 U.S.C. Sec. 924(e). The court imposed a concurrent sentence of 120 months for the unregistered firearm conviction.
 
 
 3
 While the sentence was on appeal to this court, the Sentencing Guidelines were amended to exclude felon-in-possession from the offenses that make one eligible for "career offender" enhancement. See Guidelines Manual, App. C, Amdt. 433, at 253 (1993). We nevertheless affirmed both the conviction and the sentence based on the career offender status for the felon-in-possession conviction, holding that Amendment 433 was not retroactive.
 
 
 4
 After our opinion was released, however, the Sentencing Guidelines were amended once again, to provide for retroactive application of Amendment 433, thereby making felon-in-possession an improper offense on which to base career offender status. See USSG Sec. 1B1.10(1). The defendant subsequently moved the district court, pursuant to 18 U.S.C. Sec. 3582(c)(2), to resentence him in light of the latest amendment to the Sentencing Guidelines, Amendment 462, and thus lower his range of imprisonment. The district judge declined to correct the sentencing, resulting in the necessity of this appeal.
 
 
 5
 In view of the United States Supreme Court's recent ruling that amendments to the Guidelines and their amended commentary are binding on the federal courts, Stinson v. United States, 113 S.Ct. 1915, 1919 (1993), we conclude that the district court has no discretion in this matter, but must apply the Amendment 433 retroactively to the defendant's sentence. The government has attempted to convince us that Amendments 433 and 462 can be overlooked in this case but has failed to persuade us to its point of view.
 
 
 6
 We therefore REVERSE that part of the district court's judgment relating to the defendant's sentence under Count 1 of the indictment and REMAND the case to the district court for resentencing, in conformity with this opinion.