**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Lynn STINSON, Defendant–**
**Appellant.**

**No. 90–3711.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1994.

William M. Kent, Asst. Federal Public Defender, Jacksonville, FL, for appellant.

John F. De Pue, U.S. Dept. of Justice, Crim. Div., Terrorism and Violent Crim Section, Washington, DC, Ronald T. Henry, Asst. U.S. Atty., Jacksonville, FL, for appellee.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES.

Before EDMONDSON, Circuit Judge, JOHNSON and DYER, Senior Circuit Judges.

---

**2.** The parties have not presented in this appeal any issues concerning immunity or qualified immunity.

**122**

PER CURIAM:

This case comes to us on remand from the United States Supreme Court. The issue is whether Amendment 433—which excluded the felon-in-possession offense from the category of crime of violence for U.S.S.G. § 4B1.2(1)—to the United States Sentencing Guidelines applies retroactively to defendant's sentence. We hold that it does.

The details of defendant's case are discussed in earlier opinions. *See United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991) (*Stinson I*), *reh'g denied*, 957 F.2d 813 (11th Cir.1992) (per curiam) (*Stinson II*), *vacated, Stinson v. United States*, — U.S. —, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (*Stinson III*). Important to this appeal are just a few facts: Stinson was sentenced in July 1990; Stinson's conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), was used as the predicate "crime of violence" necessary for establishing career offender status; following *Stinson I* (defendant's sentence was affirmed), the Sentencing Commission amended commentary to section 4B1.2, stating that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G. § 4B1.2, cmt. (n. 2) (Nov. 1, 1991) ("Amendment 433"); in September 1992, the Sentencing Commission decided to include Amendment 433 among the Guidelines Amendments which may be applied retroactively, U.S.S.G.App. C, amend. 469 (effective Nov. 1, 1992).

 We follow the courts, including the Second and Fifth Circuits, which have applied Amendment 433 retroactively. *See United States v. Carter*, 981 F.2d 645 (2nd Cir.1992), *cert. denied, Carter v. United States*, — U.S. —, 113 S.Ct. 1827, 123 L.Ed.2d 456 (1993); *United States v. Fitzhugh*, 954 F.2d 253 (5th Cir.1992), *cert. denied, Fitzhugh v. United States*, — U.S. —, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993). Under our case law, reviewing courts may consider amendments, enacted after sentencing, that "clarify." *United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989), *United States v. Howard*, 923 F.2d 1500, 1504 (11th Cir.1991); *see also United States v. Sahakian*, 965 F.2d 740 (9th Cir.1992) (concluding that Amendment 433 clarifies).

Amendment 433 purports to "clarif[y] that the offense of unlawful possession of a weapon is not a crime of violence." Although we have doubts that this amendment just clarifies the pertinent guidelines (as opposed to making a substantive change in the law), we cannot conclude that the Commission's viewing of the amendment as a clarification is plainly wrong; so, we accept that the amendment is a clarification. Therefore, we will apply Amendment 433 retroactively. Defendant's sentence is VACATED, and the case is REMANDED for resentencing.

VACATED and REMANDED.