UNITED STATES of America, Plaintiff,

v.

**Danny DAVIS, Jr., Defendant.**

No. 90–30025.

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 23, 1994.

---

256

Elizabeth Collins, Asst. U.S. Atty., Springfield, IL, for plaintiff.

Jon Gray Noll, Springfield, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge:

A complex question of sentence reduction.

But first, the background.

On August 15, 1989, Defendant was involved in an altercation during which a shotgun was discharged. A jury convicted Defendant of unlawful possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1).

On June 11, 1991, Defendant was sentenced by this Court to life imprisonment. Defendant had a total offense level of 22 and 21 criminal history points which placed him in a category of VI and a resulting guideline range of 84 to 105 months. However, Defendant's sentence was enhanced pursuant to 18 U.S.C. § 924(e)[1] which provides for a mandatory minimum sentence of imprisonment of 15 years. Further, the Court determined that Defendant's crime (unlawful possession of a firearm by a felon) was a crime of violence and that Defendant was a "career offender." *See* U.S.S.G. §§ 4B1.1, 4B1.2.

Applying the "career offender" guideline, we determined that the offense level was 37 and the criminal history category was VI, resulting in a sentencing range of 360 months to life. Thus, based on the seriousness of Defendant's conduct and, perhaps, one of the worst criminal history records this Court had ever seen, we sentenced Defendant to life imprisonment.

On January 18, 1994, Defendant's sentence (along with his conviction) was affirmed by the Seventh Circuit Court of Appeals. *United ed States v. Davis*, 14 F.3d 605 (7th Cir. 1994).

*DISCUSSION*

However, after Defendant was sentenced, the Sentencing Commission amended the commentary to § 4B1.2. Amendment 433 provides that "[t]he term 'crime of violence' does *not* include the offense of unlawful possession of a firearm by a felon."

1. Under § 924(e), in the case of a defendant who violates § 922(g) (in the underlying case, Defendant was convicted of violating § 922(g)(1)) and has three prior convictions for violent felonies, defendant must be imprisoned for at least 15 years. Since Defendant had the requisite number of prior violent felony convictions, he qualified for the 15 year statutory minimum.

U.S.S.G.App. C, Amendment 433 (1991) (emphasis added).[2]

Pursuant to U.S.S.G. § 1B1.10, the Sentencing Commission clearly provides for the retroactive application of Amendment 433. That is, although a defendant was sentenced prior to the adoption of Amendment 433, the defendant can file a motion under 18 U.S.C. § 3582(c)(2) to have his original sentence modified to reflect the beneficial nature of the amendment. *See* U.S.S.G. § 1B1.10(a), (b), and (c).

On January 31, 1994, in order to take advantage of Amendment 433, Defendant filed a motion under § 3582(c) to reduce his original term of imprisonment.[3] As discussed above, Defendant's original sentence of life imprisonment was premised on the conclusion that Defendant was a "career offender." We concluded that Defendant was a "career offender" because we considered the offense of unlawful possession of a firearm by a felon as a "crime of violence." However, as a result of Amendment 433, we now know that such an offense is not a "crime of violence."

Pursuant to U.S.S.G. § 1B1.10(b), "in determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment ... been in effect at the time the defendant was sentenced." Thus, we will now resentence Defendant assuming Amendment 433 was in effect on the date of his

sentence in June of 1991.[4] As indicated by our earlier discussion, had Amendment 433 been operative at this time, Defendant could not have been sentenced as a "career offender."

Relying on Amendment 433, the updated presentence report (PSR) drafted by the United States Probation Office concludes that Defendant's "new" sentence is 180 months. Without application of the "career offender" provisions, the PSR concludes that Defendant has a total offense level of 22 and a criminal history category of VI, establishing a guideline imprisonment range of 84 to 105 months.

However, because Defendant was convicted for violating 18 U.S.C. § 922(g)(1), § 924(e)(1) provides for a mandatory minimum of 15 years, *i.e.*, 180 months.[5]

At Defendant's hearing on November 8, 1994, the Government informed the Court that they incorrectly interpreted Amendment 433 and consequently no longer agreed with the Probation Office's 180 month recommendation. Thus, in our order of November 8, 1994, we granted the Government 10 days to develop their position regarding the calculation of Defendant's "new" sentence.

■ The Government now asserts that, although the "career offender" provisions are no longer applicable to Defendant's sentence calculation, the "armed career criminal" provisions of U.S.S.G. § 4B1.4 apply. Applying the "armed career criminal" provisions, the Government concludes that Defendant has a total offense level of 34 and a criminal history

---

**2.** In *Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993), the Supreme Court held that the commentary of Amendment 433 "is a binding interpretation of the phrase 'crime of violence' " and the "[f]ederal courts may not use the felon in possession offense as the predicate crime of violence for purposes of imposing the career offender provision of U.S.S.G. § 4B1.1 as to those defendants to whom Amendment 433 applies."

**3.** Approximately one week before Defendant's hearing on this issue, he filed a motion to dismiss his motion to be resentenced, Defendant no longer desired to be resentenced at this time. However, pursuant to § 3582(c)(2), the Court has the power to conduct this hearing on the Court's own motion, thus, we denied Defendant's motion.

**4.** Pursuant to U.S.S.G. § 1B1.11, "[t]he court shall use the Guidelines Manual in effect on the date that defendant is sentenced. If the court determines that use of the Guidelines Manual in effect on the date that defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed."

**5.** Pursuant to U.S.S.G. § 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

category of VI, producing a sentencing range of 262 to 327 months.

For the reasons discussed hereafter, the Court agrees with the Government's interpretation of Amendment 433.

Amendment 433 provides, in pertinent part:

> The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon. Where the instant offense is the unlawful possession of a firearm by a felon, the specific offense characteristic of § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition) provide an increase in offense level if the defendant has one or more prior felony convictions for a crime of violence or controlled substance offense; and, if the defendant is sentenced under the provisions of 18 U.S.C. § 924(e), § 4B1.4 (Armed Career Criminal) will apply.

U.S.S.G.App. C, Amendment 433 (1991).

According to Amendment 433, if the underlying offense is the unlawful possession of a firearm by a felon (as it is here); if Defendant has one or more prior felony convictions for a crime of violence (as Defendant does here);[6] and if Defendant was sentenced under the provisions of § 924(e) (as Defendant was here), then the "armed career criminal" provisions apply.

Pursuant to U.S.S.G. § 4B1.4, in order to qualify as an "armed career criminal," a defendant must have been "subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)" (as Defendant was here).

Subsection (b) and (c) of U.S.S.G. § 4B1.4 respectively provide for the applicable offense level and criminal history category. Pursuant to subsection (b)(3)(a) and (c)(2),

the offense level is 34 and the criminal history category is VI "if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in § 4B1.2(1), or if the firearm possessed by the defendant was of the type described in 26 U.S.C. § 5845(a)."

Since Defendant did not use the firearm in connection with a controlled substance offense or, as a result of Amendment 433, a crime of violence, we rely on the final provision of both subsections—the firearm possessed by defendant was of the type described in § 5845(a).

Among other things, § 5845(a) describes a prohibited firearm as "a shotgun having a barrel or barrels of less than 18 inches in length" or "a rifle having a barrel or barrels of less than 16 inches in length." 26 U.S.C. § 5845(a) (1989). At Defendant's trial, the testimony of ATF agent Kevin Rollins disclosed that the firearm utilized by Defendant in commission of the underlying offense had a barrel of "just a very small fraction over 13 inches." Thus, clearly this is the type of firearm described in § 5845(a).

Consequently, pursuant to U.S.S.G. § 4B1.4, Defendant qualifies as an "armed career criminal" with an offense level of 34 and a criminal history category of VI, resulting in a guideline range of 262 to 327 months.

### EX POST FACTO

However, our analysis does not end here. At the time of the underlying offense, the "armed career criminal" provisions were *not* in effect. The provisions were effective, however, on the date Defendant was sentenced.

---

**6.** The term "crime of violence" is defined in U.S.S.G. § 4B1.2(1) as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves the conduct that presents a serious potential risk of physical injury to another." The § 4B1.2(1) definition of a "crime of violence" mirrors the 18 U.S.C. § 924(e)(2)(B) definition of a "violent felony." Here, among other things, Defendant had been previously convicted of "robbery/grand larceny," "aggravated assault," "aggravated battery," and "housebreaking." As part of Defendant's original sentence, we determined that at least three of his prior convictions were "violent felonies" for § 924(e) purposes. Our determination was affirmed on appeal. These crimes will also qualify as "crimes of violence" for the purposes of U.S.S.G. § 4B1.2(1).

Pursuant to 18 U.S.C. § 3553(a)(4), a sentencing court is to apply the guidelines in effect on the date defendant is sentenced, unless such application would violate the Constitution's *Ex Post Facto* Clause. *United States v. Lykes*, 999 F.2d 1144, 1147 (7th Cir.1993); *see also*, U.S.S.G. § 1B1.10(b); § 1B1.11(a), (b)(1). Thus, the issue before us is whether application of the "armed career criminal" provisions in calculating Defendant's "new" sentence is violative of the *Ex Post Facto* Clause.

In *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987), the Supreme Court stated that two critical elements must be present before a violation of the *Ex Post Facto* Clause occurs. "[F]irst, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." *Id.* (citing *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

Regarding the first element, at the time Defendant committed the unlawful act, the "armed career criminal" provisions were not in effect. Thus, by applying them here, we are applying provisions that did not exist at the time of the unlawful conduct. Clearly, the first element is present, and the Government does not appear to argue otherwise.

Thus, an *ex post facto* violation will occur if application of the "armed career criminal" provisions would disadvantage Defendant— the second critical element. We conclude that Defendant is not disadvantaged by application of the "armed career criminal" provisions.

As noted by the Seventh Circuit in *Lykes*, "[c]entral to the *ex post facto* prohibition is a concern for the lack of fair notice and governmental restraint when the legislature increase punishment beyond what was pre-scribed when the crime was consummated." *Lykes*, 999 F.2d at 1150 (citing, *Miller*, 482 U.S. at 430, 107 S.Ct. at 2451). On the date Defendant Davis was originally sentenced in this matter, under the law of the Seventh Circuit (*i.e.*, a felon in possession of a firearm could be charged with a "crime of violence"), he was correctly sentenced to life imprisonment. Indeed, his sentence was affirmed on appeal. *United States v. Davis*, 14 F.3d 605 (7th Cir.1994).[7]

Thus, by adopting Amendment 433, the Sentencing Commission's decision to alter the crimes that constitute "crimes of violence" under the "career offender" provisions, and to allow that change to be applied retroactively to reduce sentences imposed on defendants sentenced under an earlier version of the Sentencing Guidelines, does not change the fact that is central to the *ex post facto* dilemma: on the date Defendant committed the crime, he was on notice that his conduct could lawfully result in life imprisonment, as it did. *Lykes*, 999 F.2d at 1150.

Once again, we emphasize that Defendant Davis was correctly sentenced to life imprisonment. If we now apply the "armed career criminal" provisions (as provided by the literal, unambiguous language of Amendment 433), Defendant's sentencing guideline range is 262 to 327 months—not nearly as severe as life imprisonment. Thus, although the "armed career criminal" provisions were not in effect when Defendant committed the crime at issue, they were in effect when he was sentenced and application of the "armed career criminal" provisions does not violate the *Ex Post Facto* Clause since Defendant is not disadvantaged by their application.

Furthermore, if we declined to apply the "armed career criminal" provisions as instructed by Amendment 433, we would be allowing Defendant to reap the benefit of the

---

7. In *Lykes*, the Seventh Circuit, contrary to the position taken by the Sentencing Commission, concluded that Amendment 433 did not "merely clarify, but rather substantively changed the law." *Lykes*, 999 F.2d at 1150; *Davis*, 14 F.3d at 605. If Amendment 433 was simply clarifying the law, then Defendant's original sentence of life imprisonment would have been incorrectly imposed. Consequently, the Seventh Circuit would have vacated Defendant's sentence, and remand-ed for a determination of his correct sentence. Instead, the Seventh Circuit concluded Amendment 433 "substantively changed the law," thus, they affirmed Defendant's sentence of life imprisonment since this sentence was consistent with Seventh Circuit law on the date of Defendant's sentence. The distinction as to whether an amendment "clarifies" or "substantively changes" the law will be addressed.

first sentence of the amendment (a "crime of violence" does not include a felon in possession of a firearm) while avoiding the drawback of the second sentence (application of the "armed career criminal" provisions). Of course, such a piecemeal application of Amendment 433 would be warranted if a Constitutional violation would result by applying the amendment in its entirety.

But here we have no such Constitutional violation. Absent *ex post facto* concerns, we do not believe a piecemeal application of Amendment 433 would be consistent with the structure of the Sentencing Guidelines. *See Lykes*, 999 F.2d at 1148–50. Nor, would such an approach be consistent with the literal language of Amendment 433 which authorizes application of the "armed career criminal" provisions under the facts before us.

The Court acknowledges that if Amendment 433 simply *clarified* the law, then we could not employ the "armed career criminal" provisions in this situation since an *ex post facto* violation would ensue. That is, if Amendment 433 was a clarifying amendment (as determined by the Sentencing Commission), then our reliance on the "career offender" provisions in calculating Defendant's sentence in 1991 was misplaced. Assuming we incorrectly utilized the "career offender" provisions, Defendant's 1991 sentence, absent a departure, would have been 180 months pursuant to an enhancement under 18 U.S.C. § 924(e)(1).[8] Thus, our attempt to utilize the "armed career criminal" provision in calculating Defendant's "correct" sentence would violate the *Ex Post Facto* Clause since such provisions were *not* in effect when Defendant committed the crime and their application would disadvantage him (*i.e.*, a sentencing

range of 262 to 327 months is more severe than a sentence of 180 months).

■ However, as we have already discussed, the Seventh Circuit concluded that Amendment 433 *"substantively changed* the law." *Lykes*, 999 F.2d at 1150 (emphasis added). Thus, we *correctly* sentenced Defendant to life imprisonment in 1991, consequently, application of the "armed career criminal" provisions, pursuant to Amendment 433, cannot violate the *Ex Post Facto* Clause since Defendant was on notice at the time he committed the crime that his conduct could result in life imprisonment.[9] *Id.*

Further, the Court acknowledges that in some situations, application of the "armed career criminal" provisions pursuant to Amendment 433 would result in an *ex post facto* violation. For example, if we would have originally sentenced Defendant in 1991 to a term of imprisonment of less than 262 months, then application of the "armed career criminal" provisions (assuming a scenario similar to the one presently before us) would result in an *ex post facto* violation because a guideline range of 262 to 327 months would be greater than his 1991 sentence—hence, it would disadvantage Defendant.

However, in the case at bench, this concern is not present. Defendant was lawfully sentenced to life imprisonment. Therefore, based on our reasoning outlined above, we conclude that, pursuant to Amendment 433, Defendant's sentence will be reduced to a term of imprisonment not to exceed 262 to

---

8. As previously discussed, assuming we could not rely on the "career offender" provisions, Defendant has a total offense level of 22 and a criminal history category of VI, resulting in a sentencing guideline range of 84 to 105 months. However, as a result of prior "violent felony" convictions, Defendant qualifies for the statutory minimum 180 month sentence under § 924(e)(1).

9. In *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), the Supreme Court concluded the fundamental principle that the sentencing guidelines manual is binding on federal courts applies equally to policy statement. However, the *Stinson* Court declined to decide whether a sentence imposed before Amendment

433 could be vacated on appeal, instead, they left that issue to be decided by the Appellate Courts. The Sentencing Commission refers to Amendment 433 as a "clarifying" amendment. However, after *Stinson* was decided, the Seventh Circuit concluded Amendment 433 "substantively changed the law." Interestingly, on remand from the Supreme Court, the Eleventh Circuit reluctantly concluded that Amendment 433 was a "clarifying" amendment and vacated defendant's conviction and remanded the case to the district court for a determination of defendant's correct sentence. *United States v. Stinson*, 30 F.3d 121 (11th Cir.1994).

327 months.[10]

## CONCLUSION

After a consideration of the history and circumstances of this case, we reduce Defendant's sentence of life imprisonment to a term of imprisonment of 276 months.

It is so ordered.

---

**10.** The Government argues vigorously that 18 U.S.C. § 3582(c)(2) is discretionary and thus the Court does not have to reduce Defendant's sentence. However, since the Seventh Circuit has yet to rule on this issue and considering the relatively recent enactment of § 3582(c)(2) and Amendment 433, along with the conflict (between the Sentencing Commission and the Seventh Circuit) as to whether Amendment 433 sub- stantively changes or merely clarifies the law, we are inclined to give Defendant the benefit of retroactive application of Amendment 433. We also realize that we could depart from the applicable guideline range under U.S.S.G. § 5K, however, we have decided to stay within the range resulting from application of the "armed career criminal" provisions pursuant to Amendment 433—262 to 327 months.