57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Carroll BECKLEY, Defendant-Appellant.
 No. 94-6267.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1995.
 
 1
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Bobby Carroll Beckley appeals the judgment of the district court in resentencing Beckley pursuant to an earlier order of remand. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Bobby Carroll Beckley pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1), and to possession of an unregistered firearm, in violation of 26 U.S.C. Secs. 5841, 5861(d), and 5871. The court imposed an aggregate 300 month sentence. The conviction and sentence were affirmed on direct appeal. United States v. Beckley, No. 91-6177, 1992 WL 172127 (6th Cir. July 22, 1992) (per curiam), cert. denied, 113 S.Ct. 2351 (1993).
 
 
 4
 Beckley subsequently moved for resentencing pursuant to 18 U.S.C. Sec. 3582(c)(2), claiming that his sentence should be reduced due to the retroactive application of an amendment to the guidelines. The district court denied his motion. On direct appeal, this court reversed the district court's judgment and ordered that Beckley be resentenced. United States v. Beckley, No. 93-6413, 1994 WL 385186 (6th Cir. July 22, 1994) (per curiam).
 
 
 5
 On remand, the district court initially resentenced Beckley to a term of 220 months. The court amended this to 190 months following a defense motion to correct judgment. It is this corrected judgment which is before the court in the present appeal. (It is noted that Beckley has been serving a Kentucky state sentence during the course of these prior proceedings.)
 
 
 6
 Counsel for Beckley has filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Beckley was served with this motion and invited to respond. Beckley's response was in the form of a motion to appoint new counsel. The government responded in opposition to this latter motion.
 
 
 7
 The focus of Beckley's second appeal was whether the district court should have included the felon-in-possession conviction in sentencing Beckley as a "career offender" under 18 U.S.C. Sec. 924(e). The panel concluded that the felon-in-possession conviction should not have been included and remanded for resentencing on Count 1.
 
 
 8
 On resentencing, the district court concluded that Beckley should be sentenced as an "armed career offender" pursuant to USSG Sec. 4B1.4(b)(3)(A) and announced its intention to "take[ ] off 40 months" of the new sentence in recognition of his having been incarcerated in the Kentucky state prison system during the interim. The parties did not object to the court's characterization of the top of the sentence range as 265 months. The court then proceeded with its announced intention to sentence Beckley to 220 months on Count 1, approximately 40 months below the announced maximum.
 
 
 9
 Counsel for Beckley filed a motion to correct sentence in which she pointed out that the correct range maximum was, in fact, 235 months. The court, in response, entered a further modification of the sentence for Count 1 to 190 months.
 
 
 10
 As noted, counsel for Beckley believes any further appeal of this resentencing would be fruitless. Beckley contends he is entitled to new counsel to argue his position that he should not have been sentenced as a career criminal as the three underlying state convictions were imposed at the same time. Counsel for the government points out that this issue was considered and rejected by this court on direct appeal.
 
 
 11
 Counsel for the government is correct. See United States v. Beckley, No. 91-6177, slip op. at 3 & n. 2. Issues raised and considered on direct appeal may not be relitigated absent extraordinary circumstances not presented here. See, e.g., Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no extraordinary circumstances presented in this appeal to merit reconsideration of this issue and there are no other arguable issues presented.
 
 
 12
 Accordingly, the motion to withdraw is granted, the motion to appoint appellate counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation