UNITED STATES of America, Appellee,

v.

Frederick DOUGLAS, Appellant.

No. 94–3913.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1995.

Decided Sept. 5, 1995.

stantive rather than clarifying. We disagree, and we remand for further proceedings.

Before November 1991, we held that being a felon in possession of a firearm can constitute a crime of violence within the meaning of the career offender provisions of the Guidelines. *United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991); *see* USSG § 4B1.1 (Nov.1990). Douglas was originally sentenced in May 1991 pursuant to this interpretation, which yielded a sentence range of 100 to 125 months. *See* USSG § 4B1.1(E) (Nov.1990) (offense level of 24 with automatic criminal history of VI). Douglas received the statutory maximum of 120 months. *See* 18 U.S.C. § 924(a)(2). His conviction was affirmed on appeal. *United States v. Douglas*, 964 F.2d 738 (8th Cir.1992).

Effective November 1, 1991, Amendment 433 to the Guidelines commentary provided that firearm possession is not a "crime of violence" under USSG § 4B1.1 and thus can not trigger application of the career offender provision. *See* USSG § 4B1.2, comment. (n. 2) (Nov.1994). At the same time Amendment 433 went into effect, however, the Commission raised the base offense level of the regular felon-in-possession guideline such that a firearms offender with Douglas's record could expect a sentence range partly overlapping that which he had faced under this circuit's erroneous application of the career offender guideline. *See* USSG App. C, am. 374 & § 2K2.1(a)(2) (Nov.1994) (offense level of 24, with criminal history of V, yielding a range of 92 to 115 months).

In addition to establishing that felons in possession could not be sentenced under the career offender guideline, Amendment 433 also stated that it was a clarifying change rather than a substantive one. Also, the Commission later approved Amendment 433 for retroactive use. USSG App. C, am. 469; *see* USSG § 1B1.10(c) (Nov.1994).

With the foregoing in mind, Douglas moved for a reduction of his sentence, arguing that the original district court erred in applying the career offender provision to him. Douglas contends that Amendments 433 and 469 show that he should have been sentenced under the pre-November 1991 felon-in-possession provision, which was in ef-

Leslie E. Stokke, Cedar Rapids, IA, argued, for appellant.

Timothy Jarman, Asst. U.S. Atty., Sioux City, IA, argued (Daniel Tvedt, Asst. U.S. Atty., on the brief), for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

WOLLMAN, Circuit Judge.

In this Sentencing Guidelines case, Frederick Douglas argues that a beneficial amendment designated by the Sentencing Commission for retroactive use should be applied to him on resentencing. The district court refused to apply the amendment retroactively, holding that the change was sub-

fect at the time of his first sentencing. This would yield a sentence range of 27 to 33 months. USSG § 2K2.1(a)(2) (Nov.1990) (base offense level of 12, with criminal history of V). When Douglas was resentenced in November 1994, the district court agreed that the career offender provision should be abandoned, but used the new, stiffer felon-in-possession guideline, sentencing Douglas to 108 months. The district court reasoned that the new felon-in-possession provision could be used since it did not result in a harsher sentence than allowed under our pre-November 1991 interpretation. It is from this sentence that Douglas appeals.

■ The Commission's Amendment 433 statement that a felon-in-possession offense does not trigger the career offender provision overrides our contrary precedent. *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993). However, the question of how to apply Amendment 469 (providing that Amendment 433 may be applied retroactively) was expressly skirted by the Supreme Court in *Stinson. Id.* at ——, 113 S.Ct. at 1920. But *Stinson* did articulate a standard for determining whether amendments promulgated by the Commission bind federal courts: such changes are to be taken at face value unless plainly erroneous or inconsistent with the Guidelines provision they explain or amend. *Id.* at ——, 113 S.Ct. at 1919. (Commission pronouncements are also invalid if unconstitutional or otherwise unlawful, neither at issue here.) Therefore, our role is not to declare as an original matter whether Amendment 469 works a substantive or a clarifying change to the law in this circuit; our role is merely to decide whether the Commission's statement that Amendment 433 can be considered for retroactive use is plainly at odds with the Guidelines. *See id.* at ——, 113 S.Ct. at 1920; *see also Braxton v. United States,* 500 U.S. 344, 348, 111 S.Ct. 1854, 1857–58, 114 L.Ed.2d 385 (1991) (Congress contemplated an unusually limited role for courts in deciding extent of Guidelines amendment retroactivity); *United States v. Russell,* 913 F.2d 1288, 1292 (8th Cir.1990) (purportedly clarifying amendment is substantive, and non-retroactive, if it "constitutes a fundamental change" in the Guidelines), *cert. denied,* 500 U.S. 906, 111 S.Ct. 1687, 114 L.Ed.2d 81 (1991).

■ The government urges us to hold that Amendment 469's retroactivity provision is a substantive change; recast in the terms dictated by *Stinson,* the government's contention is that Amendment 469 as it applies to Douglas's case is inconsistent with the Guidelines. This is not without some persuasive force: if the pre-November 1991 Guidelines are used, and if Amendments 433 and 469 are applied, Douglas's sentence would drop to less than three years, whereas under either our pre-Amendment 433 interpretation or under the current felon-in-possession guideline, Douglas's sentence is in roughly an eight- to ten-year range. The government in effect argues that such a dramatic drop in potential sentence shows that retroactive application of Amendment 433 is plainly inconsistent with both pre- and post-November 1991 law, and therefore fails under the standard set out by the Supreme Court in *Stinson.*

The government points to *United States v. Lykes,* 999 F.2d 1144, 1149 (7th Cir.1993), for the proposition that the Commission's decision to remove felons in possession from the career offender definition while at the same time stiffening the regular felon-in-possession guideline was meant to insure consistent punishment for offenders like Douglas both before and after the 1991 amendments. This analysis overlooks several interrelated points. First, after *Stinson* the inquiry is not whether a purportedly clarifying amendment conflicts with preexisting court interpretation of the Guidelines, but whether the amendment conflicts with the Guidelines themselves. This inquiry leads to a second point: the *Lykes* holding that the change wrought by Amendments 433 and 469 is substantive does not survive the *Stinson* test because in our view the Commission's decision that the change is clarifying and suitable for retroactive use is not at odds with the Guidelines. Third, allowing each court to decide whether a commentary amendment represented a substantive change from its own precedent would create a cacophony of regional rules, a result antithetical to the Sentencing Reform

Act's underlying goal of punishing similar conduct consistently. *See* 28 U.S.C. § 991(b)(1)(B); *see also Braxton,* 500 U.S. at 348, 111 S.Ct. at 1857–58 (Commission, and not Supreme Court, charged with primary responsibility to eliminate circuit splits in this area). Lastly, we note that when provisions like Amendment 433 are designated for retroactive use, the Commission expects substantial sentence reductions to result. USSG § 1B1.10, comment. (backg'd.) (Nov.1994) (retroactive amendments intended to reduce sentences by at least six months); 28 U.S.C. § 994(u) (Commission power to specify extent of sentence reduction).

Seen in this context, the amendment raising the base offense level for felon-in-possession is best understood as a decision by the Commission that this crime was too leniently punished under the correct interpretation of its pre-November 1991 Guidelines. *See United States v. Cooper,* 35 F.3d 1248, 1254 & n. 9 (8th Cir.1994) (noting that the felon-in-possession amendment was meant to boost sentences for new perpetrators of the same offense), *vacated on other grounds and remanded,* — U.S. ——, 115 S.Ct. 1820, 131 L.Ed.2d 742 (1995). Since *Stinson,* no other circuit has followed the Seventh Circuit's *Lykes* approach of refusing to honor Commission retroactivity decisions where those decisions conflict with local precedent. *See United States v. Garcia–Cruz,* 40 F.3d 986, 989–90 (9th Cir.1994); *United States v. Stinson,* 30 F.3d 121, 122 (11th Cir.1994) (on remand from the Supreme Court); *United States v. Carter,* 981 F.2d 645, 648–49 (2d Cir.1992) *cert. denied,* — U.S. ——, 113 S.Ct. 1827, 123 L.Ed.2d 456 (1993).

The government cites *United States v. Lenfesty,* 923 F.2d 1293, 1299–300 (8th Cir.), *cert. denied,* 499 U.S. 968, 111 S.Ct. 1602, 113 L.Ed.2d 665 (1991), in arguing that a defendant is not entitled to combine favorable provisions from different Guidelines versions to yield the lowest possible sentence. But *Lenfesty* dealt with substantive changes, not with clarifying changes or amendments designated for retroactive use. There is no question that the Commission may designate individual changes to apply retroactively with an otherwise unaffected earlier version of the Guidelines. USSG § 1B1.10 comment. (n. 2) (Nov.1994) (only provisions designated for retroactivity change when earlier version applies; "[a]ll other guideline application decisions remain unaffected."); 28 U.S.C. § 994(u); *see Braxton,* 500 U.S. at 348, 111 S.Ct. at 1857–58; *United States v. Telman,* 28 F.3d 94, 96 (10th Cir.1994). In contrast to the defendant in *Lenfesty,* Douglas seeks resentencing wholly under the Guidelines version employed by the original district court, but in light of a retroactive amendment clarifying that the court applied the wrong provision of that version. We conclude that Douglas is entitled to the relief that he seeks.

The sentence is vacated, and the case is remanded to the district court for resentencing in accordance with the views set forth in this opinion.