UNITED STATES of America,
Plaintiff–Appellee,

v.

Lester C. LYKES, Defendant–Appellant.

No. 95–1194.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 15, 1995.

Decided Dec. 29, 1995.

Bradley W. Murphy (argued), Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Roy P. Amatore (argued), Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUDAHY and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

Defendant Lykes moves, pursuant to 18 U.S.C. § 3582(c)(2), for reconsideration of his sentence for possession of a firearm by a felon. 18 U.S.C. § 922(g). Lykes was sentenced on April 3, 1992 to a term of 120 months imprisonment for the offense, which was committed on January 29, 1990. The sentence was enhanced by the application of the career offender provision of the United States Sentencing Guidelines. USSG § 4B1.1. Lykes here appeals the denial of his § 3582(c)(2) motion for reconsideration of his sentence. We affirm.

*Background*

Sentencing under the career offender provision requires that the defendant have been convicted of three offenses, including the current one, which are either "crimes of violence" or controlled substance violations. Lykes' career offender sentence was predicated on the sentencing court's construction of the § 922(g) conviction as a "crime of violence." Under a 1991 amendment to the Sentencing Guidelines (Amendment 433), § 922(g) offenses may not be so construed. USSG § 4B1.2, Comment. (n. 2). Another

1991 amendment (Amendment 374), however, substantially increased the base offense level for § 922(g) in those cases in which a defendant had at least two prior convictions of crimes of violence or of controlled substance violations. USSG § 2K2.1(a)(2). Thus the guidelines in effect at the time of Lykes' sentencing (the 1991 Guidelines) would have precluded sentencing Lykes as a career offender but would have exactly compensated by providing a higher base level for his offense.

The sentencing court, however, applied the 1989 Guidelines, which were in effect at the time of the offense, in calculating Lykes' sentence. Since Amendment 433 was not in effect in 1989 and since this circuit's earlier precedent treated § 922(g) violations as crimes of violence, the sentencing judge sentenced Lykes as a career offender under the 1989 Guidelines. Subsequently, a panel of this court considered Lykes' direct appeal from the 1992 sentence. At that time, he argued that Amendment 433 precluded us from approving a sentence incorporating the career offender enhancement. *United States v. Lykes*, 999 F.2d 1144 (7th Cir.1993) (*Lykes I*). Resolution of Lykes' appeal required a rather complicated analysis of the effects on Lykes' sentence of various guidelines amendments which were enacted between the time of the offense (January 29, 1990) and the time of sentencing (April 3, 1992). We also were required to consider the impact on the sentence of the Ex Post Facto Clause. We concluded in *Lykes I* that the Ex Post Facto Clause did not require the sentencing judge to apply the 1989 Guidelines and that the 1991 Guidelines should have been applied. However, we also concluded that, regardless whether the guidelines in force at the time of the offense or those in effect at the time of sentencing were applied, Lykes' sentence would be the same. The reason for this was that the earlier enhancement and the later increase in the base offense level were in Lykes' case of equivalent magnitude; the deletion of the first was exactly offset by the increase in the second. In *Lykes I* the court also concluded that Amendment 433 was a substantive amendment to the guidelines, which could not be employed retroactively at

sentencing to constrain the interpretation of the 1989 Guidelines.

The case is now before us in a different procedural posture requiring a different analysis. Lykes now appeals the district court's subsequent denial of his motion under § 3582(c)(2) for reconsideration of his sentence. That statute allows a court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission is instructed in 28 U.S.C. § 994(u) that "if the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Sentencing Commission complies with § 3582(c)(2) and § 994(u) by listing in USSG § 1B1.10(c) those amendments to the guidelines which will ordinarily warrant such reductions. In November of 1992, Amendment 433 was included in that list of amendments warranting reductions of sentences. USSG App. C, Amendment 469.

The district court correctly concluded that, in spite of the inclusion of Amendment 433 in § 1B1.10(c)'s list of "retroactive" amendments, Lykes is not eligible for a sentencing reduction under § 3582(c)(2). This conclusion, however, should not have been based on our statement in *Lykes I* that Amendment 433 is a "substantive," rather than a merely "clarifying," amendment, and on § 1B1.11, which dictates the appropriate choice of guideline for initial sentencing. Instead, § 3582(c)(2) and its implementing guideline, § 1B1.10, are the provisions determining that Lykes has no claim to reconsideration of his sentence at this time. Under these provisions, he does not meet the threshold qualification of having been sentenced "based on a sentencing range that has subsequently been lowered."

*Analysis*

In this analysis, the chronology of events, which we outline here, is important. Lykes committed his § 922(g) violation on January 29, 1990. On November 1, 1991, the Sentencing Commission amended the commentary to the career offender enhancement guideline (via Amendment 433) to ensure that § 922(g) offenses would no longer be considered crimes of violence for purposes of that enhancement. At the same time the Commission raised the base offense level for the § 922(g) offense. On April 3, 1992 Lykes was sentenced pursuant to the 1989 Guidelines and in line with our precedent which treated § 922(g) as a crime of violence. On November 1, 1992 the Commission added USSG § 1B1.11 (which controls the choice of guideline for initial sentencing). The Commission on the same date also amended § 1B1.10 (which relates to sentence reconsideration) to provide that Amendment 433 could, under appropriate circumstances, form the basis for a reconsideration of sentence.[1] In 1993, the Supreme Court specifically held that interpretations of the Guidelines by the official commentary are binding on the courts. *Stinson v. United States*, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

§ 1B1.10 now reads, in relevant part:

(a) *Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered* as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). . . .

(b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), *the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.*

(c) Amendments covered by this policy statement are listed in Appendix C as follows: . . . 433, . . . . (emphasis added).

 This guideline is addressed, as is § 3582(c)(2) itself, to the question of when a sentence, once correctly imposed, may be reconsidered in light of subsequent changes in the Guidelines. Amendment 433, however, was enacted *prior* to Lykes' sentencing. Thus, while Amendment 433 would provide grounds for a § 3582(c)(2) motion for defendants who were sentenced prior to its enactment, it provides no basis for a § 3582(c)(2) motion in cases such as Lykes'. Consistent with this analysis, there is no way the district court could "consider the sentence that it would have imposed had [Amendment 433] been in effect at the time of sentencing." Amendment 433 *was* in effect at the time of sentencing. Possible errors in the district court's application of Amendment 433 to Lykes' case were addressed on direct appeal from his sentencing. That appeal established the law of the case, and we will not reconsider the same errors on a § 3582(c)(2) motion.

Our finding that Lykes is ineligible for sentence reconsideration under § 1B1.10 is not, as the district court believed, dependent

---

**1.** It is true that Amendment 469, which added Amendment 433 to the list of potentially retroactive amendments referred to in § 1B1.10, was promulgated in November, 1992—*after* the date of sentencing. However, this fact is of no consequence here since Amendment 469 is not itself "listed in subsection (c) [of § 1B1.10]" and does not in itself lower the guideline range. An amendment must meet both of these § 1B1.10 prerequisites to provide grounds for a § 3582(c)(2) motion. Amendment 469 merely provides that Amendment 433, which does lower a guideline range, may be retroactively applied to reduce the sentence of a defendant who was already serving a term of imprisonment when Amendment 433 was enacted. The Sentencing Commission's decision to include Amendment 433 in the list in § 1B1.10(c) may raise doubts about the interpretation of Amendment 433 contained in *Lykes I*, but this issue is not reachable by Lykes' § 3582(c)(2) motion since Amendment 433 (whether retroactive or not, whether clarifying or substantive) was promulgated *before* his sentencing.

As indicated, the promulgation of Amendment 469 is an event occurring after sentencing, but Amendment 469 merely controls the effect of Amendment 433 on those sentenced before its enactment. The effective date of Amendment 469 is irrelevant to the instant question since, whatever the interpretation of Amendment 433, it was promulgated before Lykes was sentenced.

on the analysis of Amendment 433 contained in *Lykes I*. Confusion about the import of *Lykes I* apparently results from there being two distinct avenues by which a guideline amendment may be applied retroactively. One involves the initial choice of guidelines at sentencing (now controlled by § 1B1.11), and the other pertains to sentence reduction under § 1B1.10. § 1B1.11 controls retroactivity when the Guidelines have been amended between the time of the offense and the time of sentencing. § 1B1.10, however, comes into play when the amendment is enacted after the defendant is sentenced. Conflict between § 1B1.10 and our interpretation of § 1B1.11, perceived by the parties and accepted by the district court, is not really present.

The choice of guideline issue that was presented in Lykes' direct appeal is now controlled by § 1B1.11. And § 1B1.11 is consistent with the approach we took in *Lykes I*. § 1B1.11 provides that:

(a) The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.

(b)(1) If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

(2) The Guidelines Manual in effect on a particular date shall be applied in its entirety.... However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, *to the extent that such amendments are clarifying rather than substantive changes.* (emphasis added).

While holding that the district court should have applied the 1991 Guidelines to Lykes' case, *Lykes I* opined that Amendment 433 was a substantive change and thus could not have been properly considered by the sentencing judge even if *ex post facto* concerns had dictated that the 1989 Guidelines be applied. *Lykes I* states only that Amendment 433 cannot be applied retroactively to defendants, such as Lykes, who were sentenced pursuant to an older guideline after the Amendment's enactment.

■ The question whether an amendment is substantive or clarifying, which may arise in analyzing the effect of the Ex Post Facto Clause on the initial sentence imposition, is, however, irrelevant to the implementation of § 1B1.10.[2] Under the enabling statutory language, the Sentencing Commission may designate any amendment, substantive or clarifying, as a basis for sentence reconsideration under § 1B1.10, as long as the amendment in question reduces a term of imprisonment for some offense. Indeed, one might expect that such amendments would ordinarily be substantive.

The cases cited by the defendant in support of the application of Amendment 433 here are not persuasive since none of them involves a defendant sentenced *after* Amendment 433 was enacted, but moving for reduction on § 3582(c)(2) grounds. *See United States v. Davis*, 1993 WL 559173, 1994 U.S.App. Lexis 892 (7th Cir.1994) (unpublished) (§ 3582(c)(2) route left open when amendment issued after defendant was sentenced); *United States v. Douglas*, 64 F.3d 450 (8th Cir.1995) (defendant sentenced before amendment enacted granted retroactive reduction); *Hamilton v. United States*, 67 F.3d 761 (9th Cir.1995) (same); *United States v. Beckley*, 1994 WL 385186, 1994 U.S.App. Lexis 18774 (6th Cir.1994) (unpublished) (same).

The defendant also urges us to reconsider the view expressed in *Lykes I* that Amendment 433 is a substantive, rather than clari-

---

**2.** For this reason, Lykes' contention that this court's decision in *Lykes I* amounted to a judicial repeal of the Sentencing Commission's inclusion of Amendment 433 in § 1B1.10(c) is incorrect. Def.Br. at 29–31. The applicability of § 1B1.10 to those defendants who were already serving their sentences at the time of Amendment 433's enactment is undisturbed by *Lykes I* since § 1B1.10 in no way depends on whether Amendment 433 was substantive or clarifying. For the same reason, Lykes' argument that this court erred in determining that Amendment 433 was substantive, Def.Br. at 26–29, is not relevant to our determination of this § 3582(c)(2) motion, which is governed by § 1B1.10.

fying, amendment. The defendant points out that the majority of circuits that have addressed the issue have found Amendment 433 to be clarifying, as suggested by the Sentencing Commission, rather than substantive. *Douglas; United States v. Garcia–Cruz,* 40 F.3d 986 (9th Cir.1994); *United States v. Stinson,* 30 F.3d 121 (11th Cir. 1994), *on remand from* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *United States v. Guerra,* 962 F.2d 484 (5th Cir.1992). Even if we were to reconsider this issue, however, Lykes' § 3852(c)(2) motion does not provide an appropriate vehicle.

AFFIRMED.