124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth G. MONTGOMERY, Defendant-Appellant.
 No. 96-3878.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 27, 1997.*
Decided September 10, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Oct. 24, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 91 CR 30098; William D. Stiehl, Judge.
 
 
 1
 CUMMINGS, COFFERY, and ROVNER, JJ.
 
 ORDER
 
 2
 Kenneth Montgomery appeals from the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He believes that he is entitled to the benefit of two changes to the United States Sentencing Guidelines enacted after his original sentencing in 1992, one implementing the "safety valve" exemption from certain statutory minimum sentences, see 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, and the other defining "cocaine base" as "crack" for purposes of U.S.S.G. § 2D1.1(c). We affirm.
 
 
 3
 In 1992 a jury convicted Montgomery of two cocaine offenses. He was sentenced on the basis of the guideline for cocaine base, which calls for longer sentences than for other forms of cocaine. This panel affirmed the conviction on direct appeal, but remanded for resentencing because the district court had erroneously applied a sentencing enhancement for possession of a firearm. United States v. Montgomery, 14 F.3d 1189 (7th Cir.1994). The district court resentenced Montgomery on September 16, 1994. In 1996 Montgomery brought the present motion for a sentencing reduction, arguing that he was entitled to the benefit of the abovementioned guideline amendments. The district court denied both claims on the merits.
 
 
 4
 On appeal, the government argues that Montgomery is not entitled to either sentencing reduction because the amendments postdate his original sentencing and are not retroactive under the Sentencing Commission's policy statement at U.S.S.G. § IB1.10. If a substantive amendment to the guidelines is not listed in U.S.S.G. § 1B1.10(c), it is not retroactive and thus not a basis for a motion pursuant to 18 U.S.C. § 3582(c)(2).[1] Ebbole v. United States, 8 F.3d 530, 539 (7th Cir.1993). Amendment 509, which implemented the safety valve provision now found at U.S.S.G. § 5C1.2, took effect on September 23, 1994, several days after Montgomery's September 16 resentencing, and neither it nor Amendment 515, which repromulgated U.S.S.G. § 5C1.2, is retroactive. United States v. Mullanix, 99 F.3d 323, 324 (9th Cir.1996), cert. denied, 117 S.Ct. 1457 (1997); United States v. Lopez-Pineda, 55 F.3d 693, 697 n. 3 (1st Cir.1995); see also United States v. Marshall, 83 F.3d 866, 868 (7th Cir.1996). Even if Montgomery were to qualify under the provision--the district court held that he did not--he could not benefit by it.
 
 
 5
 Amendment 487, which defined cocaine base to mean only crack for the purposes of the Guidelines, is likewise substantive and not retroactive. U.S.S.G.App. C, amend. 487; U.S.S.G. § 1B1.10; United States v. Booker, 70 F.3d 488, 489-90 (7th Cir.1995), cert. denied, 116 S.Ct. 1334 (1996). There are, however, two legal arguments why Montgomery might be entitled to reap its benefit. First, in Booker we determined that both Congress and the Sentencing Commission had all along intended cocaine base to mean only crack, which is usually prepared by cooking cocaine with baking soda, and not, for example, "freebase" produced with flammable organic solvents. Id. at 493-94 & n. 21. Montgomery asserts that cocaine is sometimes converted using Windex, presumably as a solvent. Second, although Amendment 487 is not retroactive, it took effect on November 1, 1993, after Montgomery's original sentencing but well before his resentencing. Several courts have held that the district court should apply the guidelines effective at the time. of resentencing, including strictly prospective amendments, see United States v. Clark, 110 F.3d 15, 18 (6th Cir.1997); United States v. Torres, 99 F.3d 360, 362 (10th Cir.1996), cert. denied, 117 S.Ct. 1273 (1997); United States v. Brannan, 74 F.3d 448, 450 n. 2 (3d Cir.1996); United States v. Polanco, 53-F.3d 893, 898-99 (8th Cir.1995); United States v. Ziegler, 39 F.3d 1058, 1063-64 (10th Cir.1994); United States v. Clark, 8 F.3d 839, 844 (D.C.Cir.1993); cf. Marshall, 83 F.3d at 869 & n. 3 (reserving similar question). But it is also arguable that Montgomery forfeited this challenge by not raising it at resentencing.
 
 
 6
 We need not resolve these questions because it is clear that Montgomery's claim is meritless. Montgomery tried and failed at trial to challenge the government's characterization of the substance as crack cocaine. Significantly, Montgomery nowhere asserts that he did not process the cocaine into crack; instead, he complains that "the [trial] record is vague," that the cocaine was of "low purity," and that the government should have produced more evidence of its chemical composition. None of these bald assertions casts any doubt on the factual finding of the district court that the substance was crack, a determination that is not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 18 U.S.C. § 3582(c)(2) provides:
 [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [ § ] 994(o ), ... the court may reduce the term of imprisonment, ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
 U.S.S.G. § IB1.10 is the applicable policy statement. See United States v. Lykes, 73 F.3d 140, 141 (7th Cir.1995).