**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010[*]
Decided October 25, 2010

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1350

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 91 CR 463-9 |
| CARLOS CURRY, | |
| *Defendant-Appellant*. | Ruben Castillo, *Judge*. |

**O R D E R**

Carlos Curry is serving 30 years in prison for his role in a drug enterprise that trafficked in heroin, powder cocaine, and crack. *See* 21 U.S.C. §§ 841(a)(1), 843, 846. On direct appeal we affirmed his convictions and sentence. *See United States v. Willis*, 49 F.3d 1271 (7th Cir. 1995). For the second time Curry seeks a reduced sentence under 18 U.S.C. § 3582(c)(2). The district court denied a previous motion, and we affirmed that decision. This time Curry invokes recent amendments that lowered the base offense levels for most drug

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

crimes involving crack. The district court deemed the amendments inapplicable and denied his motion. We affirm that ruling.

At Curry's sentencing the district court found him responsible for distributing 30 kilograms of powder cocaine to wholesale customers. He was not involved with crack. His total offense level of 39 and Category IV criminal history yielded an imprisonment range of 360 months to life. *See* U.S.S.G. § 2D1.1(c)(1) (1992).

Section 3582(c)(2) authorizes a district court to reduce a prison sentence that is based on a guidelines range which has been lowered by a retroactive amendment. *See* U.S.S.G. § 1B1.10(a)(1); *Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010); *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008). In 2007 the Sentencing Commission reduced the base offense levels for most crack offenses and made the changes retroactive. *See* U.S.S.G. Supp. to App. C amends. 706, 711, 713 (2008). The revisions were designed to lessen the differential between offense levels for like amounts of powder and crack cocaine. *See United States v. Woods*, 581 F.3d 531, 533 (7th Cir. 2009). The changes did not lower the offense levels for powder cocaine, but since some of his coconspirators also dealt in crack, Curry argues that he can receive a reduction. That contention is erroneous; even if crack is involved, a defendant like Curry whose guidelines range is based entirely on a different drug cannot benefit from the changes to the offense levels for crack. *See* U.S.S.G. Supp. to App. C amends. 715, 716 (2008); *United States v. White*, 582 F.3d 787, 799 (7th Cir.), *cert. denied*, 130 S.Ct. 1542 (2010); *United States v. Johnson*, 569 F.3d 619, 624-25 (6th Cir. 2009).

In his brief Curry presses other contentions that he included in his first motion under § 3582(c)(2) and then repeated in the second. Curry did not timely appeal the denial of his first motion. That decision resolved Curry's additional claims, and he is barred from litigating them a second time. *See United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010); *United States v. Lykes*, 73 F.3d 140, 142 (7th Cir. 1995).

**AFFIRMED**.